IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTERRA A/S and OTERRA, LLC,<br><br>    Plaintiffs/Counterclaim Defendants,<br><br>            v.<br><br>WILD FLAVORS, INC. and ARCHER-DANIELS-MIDLAND CO.,<br><br>    Defendants/Counterclaim Plaintiffs. | Case No. 1:23-cv-01376-JHS |

## SCHEDULING ORDER

**AND NOW**, this 25th day of October 2024, pursuant to Federal Rule of Civil Procedure 16 and District of Delaware Local Rule of Civil Procedure 16.1(b), it is **ORDERED** as follows:

1.     Rule 26(a)(1) Initial Disclosures.  The parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) by **October 24, 2024** as they have agreed.

2.     E-Discovery Standards.  The parties agree to use the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (*see* Other Resources, Default Standards for Discovery), and is incorporated herein by reference. However, the parties further agree to modify the Default Standard for Discovery for the District of Delaware to comply with EU General Data Protection Regulation (GDPR).

3.     Application to Court for Protective Order.  The parties will apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information,

counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court by **October 31, 2024**. Should counsel be unable to reach an agreement on a proposed form of order, counsel shall contact the Court to request a teleconference to resolve the dispute.

Any proposed protective order must include the following paragraph:

> Other Proceedings. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

4.      Papers Filed Under Seal.  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.  Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript.  With its request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.      Courtesy Copies. The parties shall provide to the Court one (1) courtesy copy of all motions (and related briefs and any other document filed in support of any briefs (i.e., appendices, exhibits, declarations, affidavits, etc.)) filed with the Court. This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6.      Initial Infringement/Invalidity Contentions. Absent agreement among the parties, and approval of the Court:

a.      By **November 6, 2024**, Counterclaim Plaintiff shall identify the accused product(s), including accused methods and systems, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s). Counterclaim Plaintiff shall also produce the official file history for the asserted patent.

b.      By **November 20, 2024**, Counterclaim Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Counterclaim Defendants shall also produce sales figures for the accused product(s).

c.      By **December 11, 2024**, Counterclaim Plaintiff shall serve its preliminary infringement contentions.

d.      By **December 31, 2024**, Counterclaim Defendants shall serve their preliminary invalidity contentions, as well as the known related invalidating references and any contentions concerning the patent-eligibility of any asserted claim.

7. <u>Claim Construction Issue Identification</u>. On **January 14, 2025**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction. On **January 31, 2025**, the parties shall exchange their proposed claim construction of those term(s)/phrase(s). Subsequent to the exchange, the parties will meet and confer to prepare a Joint Claim Construction Chart, to be submitted by **February 14, 2025**. The parties shall file the Joint Claim Construction Chart and e-mail a Word version of the Joint Claim Construction Chart to Chambers_of_Judge_Joel_H_Slomsky@paed.uscourts.gov. The Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

8. <u>Claim Construction Briefing</u>. The parties shall contemporaneously file initial briefs on claim construction issues on **March 7, 2025**. The parties' answering/responsive briefs shall be contemporaneously filed on **April 11, 2025**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court. District of Delaware Local Rule 7.1.3(a)(4) shall control the page limitations for initial (opening) and responsive (answering) briefs. The Parties may not present more than 10 total disputed terms for construction.

9. <u>Tutorial Describing the Technology</u>. Unless otherwise ordered by the Court, the parties may provide the Court, no later than the date on which their opening claim construction briefs are due, a tutorial on the technology at issue. The tutorial should focus on the technology at issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more

4

than two (2) pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due.

       10.     <u>Claim Construction Discovery</u>.  The parties shall exchange any expert reports or declarations regarding claim construction issues contemporaneously with their briefing. Any expert witness depositions regarding claim construction issues shall be completed on or by **May 2, 2025**.

       11.     <u>Hearing on Claim Construction</u>. The Court will hear argument on claim construction on **June 12, 2025 at 10:30 a.m** in courtroom 13A, in the United States Courthouse, 601 Market St., Philadelphia, PA. The parties shall notify the Court, by joint letter submission: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

       12.     <u>Interim Status Report</u>. **Two (2)** weeks after entry of the claim construction order, the parties shall submit a joint letter to the Court with an interim report of the matters in issues and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

       13.     <u>Final Infringement/Invalidity Contentions</u>. Absent agreement among the parties, and approval of the Court:

          a.     Counterclaim Plaintiff shall serve its final infringement contentions and final identification of the accused product(s), accused method(s), and each asserted claim that the accused product(s) and/or method(s) allegedly infringe(s) within **four (4)** weeks after the entry of the claim construction order.

  b. Counterclaim Defendants shall identify their final invalidity contentions for each asserted claim, as well as invalidating references, within **six (6)** weeks after the entry of the claim construction order.

14. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed within **six (6)** weeks after the entry of the claim construction order.

15. <u>Case Dispositive Motions Based on Claim Construction</u>. All case dispositive motions based on the Court's claim construction order shall be served and filed within **six (6)** weeks after the entry of the claim construction order. The parties' answering/responsive briefs shall be served and filed within **ten (10)** weeks after the entry of the claim construction order. The parties' reply briefs shall be served and filed within **twelve (12)** weeks after the entry of the claim construction order. District of Delaware Local Rule 7.1.3(a)(4) shall control the page limitations for initial (opening), responsive (answering) briefs, and reply briefs. Motions for summary judgment and responses shall be filed in the form prescribed in Judge Slomsky's Policies and Procedures and in accordance with the District of Delaware's Local Rules of Civil Procedure.

16. <u>Fact Discovery</u>. All fact discovery in this case shall be initiated so that it will be completed by **December 12, 2025**. Counsel for the parties shall refer to Judge Slomsky's Policies and Procedures regarding communications with Chambers. Unless by subsequent agreement of the parties or leave of Court, the parties agree as follows:

  a. <u>Document Production</u>. Document production shall be substantially complete by **October 1, 2025**, and the parties shall exchange privilege logs that same day.

      b.      <u>Requests for Admission</u>. Plaintiffs/Counterclaim Defendants (collectively) and Defendants/Counterclaim Plaintiffs (collectively) are each limited to **fifty (50)** Requests for Admission.

      c.      <u>Interrogatories</u>. Plaintiffs/Counterclaim Defendants (collectively) and Defendants/Counterclaim Plaintiffs (collectively) are each limited to **twenty-five (25)** Interrogatories.

      d.      <u>Fact Depositions</u>. The parties do not presently believe any changes should be made to the limitations on the length of depositions beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules. The party requesting deposition shall be responsible for providing an interpreter, where the deponent requires an interpreter. For depositions that require foreign language interpretation, the time afforded under Rule 30 shall be extended by 2 hours to 9 hours total. The parties further agree to work together in good faith to ensure adequate deposition time of witnesses whose deposition is taken through foreign language interpretation.

Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

17.    <u>Disclosure of Expert Testimony</u>. Except for claim construction, and without either the consent of all parties or leave of the Court, the following limits on expert discovery apply:

      a.      <u>Expert Reports</u>. The parties shall contemporaneously exchange initial expert reports on **January 23, 2026**. Answering/responsive expert reports shall be contemporaneously exchanged on **February 27, 2026**. Reply expert reports shall be

contemporaneously exchanged on **March 20, 2026**. Along with the exchange of the reply expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

      b.     Expert Discovery Cut-Off. The parties shall complete expert discovery by **April 17, 2026**.

      c.     Objections to Expert Testimony. To the extent any objection to expert testimony is made pursuant to the principles announced in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions, unless otherwise ordered by the Court.

18.    Discovery Matters and Disputes Relating to Protective Orders.

      a.     Should counsel find, after a reasonable effort pursuant to District of Delaware Local Rule 7.1.1 that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

      b.     On a date to be set by separate order, generally not less than five (5) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

      c.     The parties shall provide to the Court one (1) courtesy copy of its discovery letter and any other document filed in support of any letter (i.e., appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

        d.      Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

    19.    <u>Case Dispositive Motions</u>. All case dispositive motions shall be served and filed on **May 15, 2026**. Answering/responsive briefs shall be served and filed on **June 12, 2026**. Reply briefs shall be served and filed on **June 26, 2026**. No case dispositive motion under Rule 56 may be filed more than ten (10) days before the above date without leave of the Court.

    20.    <u>Pretrial Conference</u>. On **September 14, 2026**, the Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at 10:00 a.m.

    21.    <u>Trial</u>. This matter is scheduled for a 5-day jury trial beginning on **September 21, 2026**. The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

                BY THE COURT:

                /s/ Joel H. Slomsky_____
                JOEL H. SLOMSKY, J.

## EXHIBIT A – CHART OF EVENTS

| Event | Due Date |
|---|---|
| Report of Rule 26(f) Meeting | October 22, 2024 |
| Rule 26(a) Initial Disclosures | October 24, 2024 |
| Application to Court for Protective Order | October 31, 2024 |
| Counterclaim Plaintiff Serves Identification of Asserted Claims, Accused Product, and Production of File History | November 6, 2024 |
| Counterclaim Defendants Serve Core Technical Production and Sales Information | November 20, 2024 |
| Counterclaim Plaintiff Serves Preliminary Infringement Contentions | December 11, 2024 |
| Counterclaim Defendants Serve Preliminary Invalidity Contentions | December 31, 2024 |
| Parties Exchange Claim Terms to be Construed | January 14, 2025 |
| Parties Exchange Proposed Claim Constructions and Identify Intrinsic and Extrinsic Evidence upon which they Intend to Rely for Their Proposed Claim Constructions, Including Identification of Claim Construction Expert(s) (if any) | January 31, 2025 |
| Parties File Joint Claim Construction Chart | February 14, 2025 |

| Event | Due Date |
| --- | --- |
| Technology Tutorial(s) and Opening Claim Construction Briefs Filed, Including Expert Declaration(s) (if any) | March 7, 2025 |
| Answering Claim Construction Briefs Filed, Including Rebuttal Expert Declarations (if any) | April 11, 2025 |
| Deadline for Conducting Deposition(s) of Claim Construction Expert(s) (if any) | May 2, 2025 |
| Markman Hearing | June 12, 2025 |
| Status Conference | 2 weeks after entry of claim construction order |
| Counterclaim Plaintiff Serves Final Infringement Contentions | 4 weeks after entry of claim construction order |
| Counterclaim Defendants Serve Final Invalidity Contentions | 6 weeks after entry of claim construction order |
| Document Production Substantially Complete/Privilege Logs Exchanged | October 1, 2025 |
| Fact Discovery Cut-Off | December 12, 2025 |
| Opening Expert Reports Exchanged | January 23, 2026 |
| Rebuttal Expert Reports Exchanged | February 27, 2026 |
| Reply Expert Reports Exchanged | March 20, 2026 |

| Event | Due Date |
|---|---|
| Deadline for Conducting Depositions of Experts | April 17, 2026 |
| Opening Case Dispositive Motions Filed | May 15, 2026 |
| Answering Case Dispositive Motions Filed | June 12, 2026 |
| Reply Case Dispositive Motions Filed | June 26, 2026 |
| Pretrial Conference | September 14, 2026 |
| Trial | September 21, 2026 |