## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTERRA A/S and OTERRA, LLC,<br><br>　　　　　Plaintiffs<br><br>　v.<br><br>WILD FLAVORS, INC. and ARCHER-<br>DANIELS-MIDLAND CO.,<br><br>　　　　　Defendants. | <br><br><br><br><br><br><br><br>C.A. No. 23-1376-JHS |
| WILD FLAVORS, INC.,<br><br>　　　　　Counterclaim Plaintiff,<br><br>　v.<br><br>OTERRA A/S and OTERRA, LLC,<br><br>　　　　　Counterclaim Defendants. | **JURY TRIAL DEMANDED** |

**WILD FLAVORS, INC. AND ARCHER-DANIELS-MIDLAND CO.'S OPPOSITION TO OTERRA'S MOTION FOR LEAVE TO FILE CLAIM CONSTRUCTION REPLY BRIEF**

## <u>TABLE OF CONTENTS</u>

I.    INTRODUCTION ................................................................................... 1

II.   RELEVANT BACKGROUND ................................................................. 1

III.  ARGUMENT ........................................................................................... 2

    A.    Oterra Manufactured the Very Problems It Now Raises ............................ 2

    B.    ADM's Responsive Brief Did Not Raise New Issues, Did Not
            Misapply Any Legal Standards, and Is Not Misleading ............................. 3

    C.    Oterra's Requested Relief Is an Unreasonable Enlargement of Pages ......... 6

IV.  CONCLUSION ....................................................................................... 6

i

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                      **Page(s)**

*Massachusetts Inst. of Tech. v. Shire Pharms., Inc.*,
  839 F.3d 1111 (Fed. Cir. 2016)...................................................................................2

*MBO Lab'ys, Inc. v. Becton, Dickinson & Co.*,
  474 F.3d 1323 (Fed. Cir. 2007)...................................................................................4

*Novartis AG v. Actavis, Inc.*,
  243 F. Supp. 3d 534 (D. Del. 2017)............................................................................1

*Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.*,
  2002 WL 531555 (D. Del. Mar. 26, 2002) .................................................................3

**Statutes, Rules & Regulations**

L.R. 7.1.2 ...............................................................................................................................1

L.R. 7.1.3(c)(2) ......................................................................................................................3

## I.    INTRODUCTION

Oterra's latest claim construction-related motion is a transparent attempt to fix the shortcomings in its affirmative briefing—a foreseeable problem of its own making that does not justify further filings. Despite the parties' agreement, and the Court's scheduling order, that no claim construction reply briefs would be filed, Oterra now seeks additional pages to shore up its arguments and have the last word to support its own proposed claim constructions. This is improper and unnecessary. The issues have been thoroughly briefed in this one-patent case, and Oterra's vague assertions of "new evidence, facts, or arguments" are baseless. (D.I. 76 ("Mot.") at 1.) Oterra's request for additional briefing should be denied, and any remaining points can be heard at the upcoming claim construction hearing. However, should the Court be inclined to grant Oterra's motion, ADM respectfully requests it also be granted leave to simultaneously file a reply brief of its own in the interest of fairness.

## II.    RELEVANT BACKGROUND

The Court's Scheduling Order provides that: "The parties shall contemporaneously file initial briefs on claim construction issues on **March 7, 2025**.[1] The parties' answering/responsive briefs shall be contemporaneously filed on **April 11, 2025**. No reply briefs or supplemental papers on claim construction shall be submitted without leave of the Court." (D.I. 34 at 4.) Further, "Local Rule 7.1.2 provides that parties may submit additional papers after briefing is complete only with the Court's approval. The Court may grant leave to file a [reply] if it responds to new evidence, facts, or arguments." *Novartis AG v. Actavis, Inc.*, 243 F. Supp. 3d 534, 540 (D. Del. 2017).

Pursuant to the Court's scheduling Order and the Local Rules, the parties simultaneously filed their respective opening briefs, technology tutorials, and expert declarations on March 10,

---

[1] This date was moved to March 10, 2025, by stipulation and order. (D.I. 56.)

1

2025. (*See* D.I. 57, 58, 60-62.) Both parties' experts were deposed and, thereafter, the parties filed their respective responsive briefs on April 11, 2025. (*See* D.I. 66, 70.) Also on April 11, Oterra filed a motion to strike the entire expert report of ADM's expert, Dr. Alireza Abbaspourrad, which was denied, except as to certain paragraphs referencing the accused product. (*See* D.I. 78-79.) Unsatisfied with the amount of ink spent on claim construction issues, Oterra filed the present motion late on the evening of Friday, May 2, 2025. (D.I. 76 (electronic notice received at 10:21 pm ET); *see* Admin. Proc. Governing Filing and Service by Electronic Means (F).) The claim construction hearing is set for June 12, 2025. (D.I. 34 at 5.)

## III.    ARGUMENT

### A.    Oterra Manufactured the Very Problems It Now Raises

As a threshold matter, the parties agreed at the outset of this case that there would be *no reply briefs* for claim construction. Now, apparently unhappy with its briefing, Oterra seeks to obtain even more pages to try and salvage its flawed positions and get the last word. But there is no justification to further brief issues that have already been extensively briefed by both parties.

To be sure, there have been no new or intervening facts or law that Oterra could not have relied on in its opening briefing supporting its affirmative proposed claim constructions. To the contrary, Oterra has been arguing for a construction of certain terms based on a theory of prosecution disclaimer since the *outset of this case*. (*See, e.g.*, D.I. 1 (Oterra's declaratory judgment complaint); D.I. 17-20 (briefing related to Oterra's motion to dismiss ADM's infringement claim).) As "the party seeking to invoke prosecution history disclaimer," *Oterra* "bears the burden of proving the existence of a 'clear and unmistakable' disclaimer that would have been evident to one skilled in the art." *Massachusetts Inst. of Tech. v. Shire Pharms., Inc.*, 839 F.3d 1111, 1119 (Fed. Cir. 2016). Thus, it was *Oterra's* burden to demonstrate that the evidence supports "clear and

unmistakable" disclaimer in its opening brief where Oterra argued for its affirmative claim construction positions. Despite it being Oterra's burden to establish disclaimer, Oterra strategically chose to provide only a short, conclusory, analysis of disclaimer in its opening brief (*see, generally*, D.I. 61), improperly waiting for its answering brief to provide a more full-bodied disclaimer analysis to which *ADM* could not respond. (*Compare* D.I. 61 with D.I. 70 at 1-3, 10-15, 19-20.) Yet Oterra—not ADM—now seeks even more briefing as a result of Oterra's own tactics.

Oterra cannot cry foul because ADM did not anticipate each of Oterra's arguments in ADM's own opening brief, nor when ADM provided compelling responsive arguments to the claim constructions and arguments that were set forth in Oterra's opening brief. Allowing Oterra to obtain additional pages of briefing to support its affirmative position (which Oterra should have done in the first instance), would effectively allow parties to set forth and rely on new arguments in a reply brief that should have been argued in an opening brief. This is not how the briefing process is designed to work, violates the local rules and established case law,[2] and certainly is not the process that was contemplated by the parties when agreeing to simultaneous opening affirmative briefs and simultaneous responsive briefs, which formed the Court's scheduling order. Oterra's continued disagreement with ADM's positions does not justify further briefing.

### B.    ADM's Responsive Brief Did Not Raise New Issues, Did Not Misapply Any Legal Standards, and Is Not Misleading

Oterra states that "a court may grant leave to file additional briefing if it responds to new

---

[2] "The party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief. There shall not be a repetition of materials contained in the opening brief." D. Del. L.R. 7.1.3(c)(2). This Court has repeatedly found that arguments raised for the first time in a reply brief are deemed waived and are not to be considered. *See, e.g., Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.*, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002) (discussing "tactic of reserving new arguments for [a] reply brief amounts to impermissible 'sandbagging,'" and courts may "decline[] to address" such arguments).

evidence, facts, or arguments." (Mot. at 1.) None of those situations applies here. Oterra's so-called "examples" are nothing more than vague mischaracterizations and misstatements of fact.

*First*, Oterra contends that ADM "raises for the first time in its Answering Brief that claim 1 of U.S. Patent No. 8,557,319 ("the '319 Patent") and claim 45 of the U.S. Patent No. RE46,695 ("RE'695") recite different language, and therefore prosecution disclaimer based on the '319 patent does not apply." (Mot. at 3.) This argument is demonstrably false.

This basic claim construction concept that different claim language in different claims may be relevant to claim construction was specifically identified at the *motion to dismiss stage*, long before the commencement of the claim construction proceedings. (*E.g.* Tr. of July 19, 2024 Hearing, 48:4-50:1.) Additionally, ADM's opening claim construction brief and the Expert Declaration of Dr. Abbaspourrad addressed this issue. (*E.g.*, D.I. 58 at 12-13 ("[D]uring prosecution of the original '319 Patent, the patentee generally distinguished prior art from the *then-pending claims*") (emphasis added); D.I. 60, ¶¶ 142, 156 (Abbaspourrad Decl.).)

In addition, it is black letter law that the issue of prosecution disclaimer or disavowal requires an understanding and analysis of the *entire* prosecution history, inclusive of both the original application and the reissue application. *See, e.g.*, *MBO Lab'ys, Inc. v. Becton, Dickinson & Co.*, 474 F.3d 1323, 1327 (Fed. Cir. 2007) ("The [reissue] patent is the only one asserted in this litigation, but the entire prosecution history of its relatives is relevant to the claim construction analysis."). This includes the language of the pending claims and the context for the statements made during prosecution. As such, ADM does not rely on any "new evidence," but the intrinsic record the parties already submitted to the Court with the Joint Claim Construction Chart (D.I. 54) and cannot be faulted for correctly applying the law by considering the entire prosecution history.

*Second*, Oterra argues that ADM "blatant[ly] mischaracterize[ed] [] both Oterra's

arguments and the testimony by Dr. Giusti." (D.I. 76 at 3.) Oterra is incorrect. Oterra apparently

takes issue with ADM using the word "undisputed" when referencing the fact that both ADM's

expert and Oterra's expert *agree* that "by 2008 a POSITA would have understood that when

conducting color measurements keeping conditions constant 'is a very important detail that should

be known.'" (D.I. 76 at 3.) It is difficult to understand how Oterra can adopt an alternate position

given the testimony that ADM accurately quoted and cited from Dr. Giusti's deposition transcript:

> Q. Okay. You would agree that – turning to Page 35, you would agree that a variety
> of conditions can effect [sic] how color looks, correct?
>
> A. Yes.
>
> Q. And those conditions include light source differences, subject condition and
> environmental differences, you know, optical illusion and individual differences,
> correct?
>
> A. Including those and there are more, yes.
>
> Q. You would agree, though, that in general, as a matter of standard scientific
> practice, by 2008 a POSITA would have understood that when conducting color
> measurements it's important to keep conditions constant, correct?
>
> A. We wish. That's -- that is a very important detail that should be known, yes.
>
> Q. And so you would agree that in 2008 a POSITA would have understood that if
> you are trying to evaluate a change in color at two different times it would be
> important to try to keep the conditions constant when taking those measurements,
> correct?
>
> A. They should.

(D.I. 67-2 at 40:2-41:4 (objections omitted).) Oterra's motion provides no explanation for how this

"example" demonstrated ADM taking Dr. Giusti's testimony out of context or otherwise

mischaracterizing it. (*See* D.I. 76 at 3-4.) Oterra's motion provides no other examples of any *other*

alleged mischaracterizations it aims to address in its reply, offering only a vague assertion that

"other assertions in Wild's Answering Brief misleadingly take Dr. Giusti's testimony out of

context, or mischaracterize or misrepresent Oterra's arguments, Dr. Giusti's testimony, or both." (*Id.* at 3.) This lack of specificity undermines Oterra's request for leave, and ADM should not be forced to guess at what Oterra plans to address in a reply brief. This would only amount to another example of Oterra strategically holding back its arguments so ADM cannot reasonably respond to them in its own briefing.[3] Moreover, the parties' arguments and cited materials, including the expert testimony transcripts, are clear and speak for themselves. The Court can review these materials to determine on its own the accuracy of the parties' characterizations.

The issues are fully briefed, and Oterra's last-minute attempt to bolster its arguments is not a proper justification for dragging out the process with more unnecessary submissions in advance of the upcoming June *Markman* hearing. Accordingly, Oterra's motion should be denied.

### C.    Oterra's Requested Relief Is an Unreasonable Enlargement of Pages

Finally, setting aside the material flaws in Oterra's motion, its request for an additional ***ten pages*** of reply—a 25% increase in briefing—is excessive and unjustified in this case. The Court is both well-positioned and well-versed in addressing such issues without more briefing. To the extent Oterra contends that ADM's responsive brief raises points warranting further mention, the proper forum is the claim construction hearing.

## IV.    CONCLUSION

For the foregoing reasons, ADM respectfully requests the Court deny Oterra's motion. However, if the Court is inclined to grant Oterra's motion, ADM requests that the Court grant ADM leave to simultaneously file a commensurate short reply brief as well.

---

[3] At the April 28, 2025 meet and confer, Oterra merely asserted that additional briefing would be "beneficial to the Court" because these are "complicated issues," without mentioning the purported "examples" it now relies on. The shifting justifications only reinforce the weakness in Oterra's arguments and leaves ADM unclear about the scope and substance of Oterra's proposed reply.

Respectfully submitted,

Dated: May 19, 2025                    */s/ Thatcher A. Rahmeier*
                                       Thatcher A. Rahmeier (#5222)
                                       **FAEGRE DRINKER BIDDLE & REATH LLP**
                                       222 Delaware Avenue, Suite 1410
                                       Wilmington, Delaware 19801
                                       (302) 467-4200
                                       thatcher.rahmeier@faegredrinker.com

                                       David J.F. Gross (*pro hac vice*)
                                       **FAEGRE DRINKER BIDDLE & REATH LLP**
                                       4800 North Scottsdale Road, Suite 2200
                                       Scottsdale, AZ 85251
                                       (480) 643-1850
                                       david.gross@faegredrinker.com

                                       Timothy E. Grimsrud (*pro hac vice*)
                                       Lauren J.F. Barta (*pro hac vice*)
                                       Andrea I. Savageau (*pro hac vice*)
                                       **FAEGRE DRINKER BIDDLE & REATH LLP**
                                       2200 Wells Fargo Center
                                       90 South 7th Street
                                       Minneapolis, MN 55402
                                       (612) 766-7000
                                       tim.grimsrud@faegredrinker.com
                                       lauren.barta@faegredrinker.com
                                       andrea.savageau@faegredrinker.com

                                       Lisa Carlson (*pro hac vice*)
                                       **FAEGRE DRINKER BIDDLE & REATH LLP**
                                       320 South Canal Street, Suite 3300
                                       Chicago, IL 60606
                                       (312) 569-1000
                                       lisa.carlson@faegredrinker.com

                                       ***Attorneys for Defendants/Counterclaimant,***
                                       ***Wild Flavors, Inc. and Archer-Daniels-Midland***
                                       ***Co.***