**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| OTERRA A/S and OTERRA, LLC,<br><br>Plaintiffs,<br>v.<br><br>WILD FLAVORS, INC., and ARCHER DANIELS MIDLAND CO.<br><br>Defendants. | C.A. No. 23-1376-JHS |
| WILD FLAVORS, INC.,<br><br>Counterclaim Plaintiff,<br>v.<br><br>OTERRA A/S and OTERRA, LLC.<br><br>Counterclaim Defendants. | |

November 13, 2026

**REPORT AND RECOMMENDATION OF SPECIAL MASTER**
**JAMES J. ROHN, ESQ.**

Before the Special Master are:

1. Defendants Wild Flavors, Inc. and Archer Daniels Midland Co. (collectively, "Wild Flavors")'s August 13, 2026 "Motion to Exclude Certain Opinions and Testimony of Winston Boyd, Ph.D." (the "Motion to Exclude Dr. Boyd's Opinions and Testimony" or "Motion to Exclude") (Doc. 238);

2. Plaintiff/Counterclaim-Defendants Oterra A/S and Oterra, LLC (collectively, "Oterra")'s October 16, 2026 Motions in Limine Nos. 1 and 3 (Doc. 303);

3. Wild Flavors' October 16, 2026 Motions in Limine Nos. 1, 2, and 5 (Doc. 304); and

4. Wild Flavors' October 28, 2026 Motion to Preclude Ms. Eva Wilnegger from Testifying at Trial (the "Motion to Preclude Ms. Wilnegger's Testimony" or "Motion to Preclude") (Doc. 318).

## I. <u>Facts and Procedural History</u>

The Special Master previously issued Reports and Recommendations on October 19, 2026 (Doc. 308) and November 3, 2026 (Doc. 336), which the Court adopted on November 2, 2026 (Doc. 333) and November 13, 2026 (Doc. 349) respectively.[1] (Doc. 308; Doc. 336). Relevant here, on November 13, 2026, the Court (a) granted Wild Flavors' Motion to Exclude Dr. Boyd's Opinions and Testimony in part; (b) denied Oterra's Motions in Limine Nos. 2 and 4; (c) denied Wild Flavors' Motions in Limine No. 3 as moot; and (d) granted Wild Flavors' Motion in Limine No. 4. (Doc. 336). This Report and Recommendation addresses the parties' remaining motions in limine, the remainder of Wild Flavors' Motion to Exclude Dr. Boyd's Opinions and Testimony, and Wild Flavors' Motion to Preclude Ms. Wilnegger.

## II. Wild Flavors' Motion to Exclude Dr. Boyd's Opinions and Testimony (Doc. 238)

The Court has excluded Dr. Boyd's enablement opinions regarding "different blue colors" and "desired" colors, as set forth at Paragraphs 63 and 83-89 of his Expert Report, as contradicting the Court's Claim Construction Order. (Doc. 349 at 8). However, as the Special Master previously explained, Dr. Boyd's enablement opinions regarding Claim 52 do not suffer from the same flaw because, unlike the method claimed by Claim 45 (which must only result in a "bluer" color), the method claimed by Claim 52 must result in a specific color—blue. (*See* Doc. 336 at 11-12; Doc. 349 at 3-4 (holding that Dr. Boyd's enablement opinions regarding Claim 52 present a genuine dispute of material fact)). Accordingly, the Special Master recommends that Wild Flavors' motion to Exclude be denied as to Dr. Boyd's enablement opinions regarding Claim 52. Wild Flavors also

[1] The Special Master assumes that readers will be familiar with the issues and procedural history of this case. For additional information, see the Court's September 5, 2025 Claim Construction Opinion (Doc. 120), the Special Master's November 3, 2026 Report and Recommendation (Doc. 336); and the Court's November 13, 2026 Order (Doc. 349).

seeks to exclude Dr. Boyd's opinions regarding non-infringement, recapture, and claim scope[2]. (Doc. 239 at 3-6). In light of the Court's granting summary judgment in Wild Flavors' favor as to infringement and recapture, these issues are now moot. (*Id.* at 8-9).

Wild Flavors also seeks to exclude Dr. Boyd's opinions regarding various FDA regulatory issues. (Doc. 239 at 11). Under Federal Rule of Evidence 702, expert testimony is admissible if (1) the witness proffered to testify is qualified, (2) the testimony is reliable, and (3) the testimony fits the issues in the case. *Schneider ex rel. Estate of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). Wild Flavors argues that Dr. Boyd's FDA opinions fail the qualification and fit requirements. (Doc. 239 at 11).

Because Rule 702 embodies a "liberal policy of admissibility", the Third Circuit has "eschewed imposing overly rigorous requirements of expertise and [has] been satisfied with more generalized qualifications." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 741 (3d Cir. 1994). At minimum, "a proffered expert witness must possess skill or knowledge greater than the average layman." *Morton v. CAP GDI 1, Inc.*, 2026 WL 2056218 at *2 (D. Del. July 16, 2026) (quoting *Elock v. Kmart Corp.*, 233 F.3d 734, 741 (3d Cir. 2000)). While Dr. Boyd's primary area of expertise is food chemistry, his CV does indicate some experience in regulatory affairs. (Doc. 241-30 at 54-55). Upon this record, the Special Master recommends the Court defer ruling on whether Dr. Boyd is qualified to offer the FDA opinions until trial.

To satisfy Rule 702's "fit" requirement, the expert's testimony must "be relevant for the purposes of the case and must assist the trier of fact." *Schneider*, 320 F.3d at 404. Oterra argues that Dr. Boyd's FDA opinions go to obviousness and damages. (Doc. 264 at 9-10). In brief, Oterra argues that the success of Wild Flavors products is primarily a result of their FDA exempt status,

[2] Specifically, whether Claim 45(a)(ii) requires a "liquefied material made by the processing of a solid material". (*See* Doc. 239 at 9-10). This issue goes to infringement. (*See* Doc. 336 at 9).

in contrast with Oterra's products, which were non-exempt (at least until Ecoflora, Oterra's supplier, obtained a formal exemption, which apparently took several years). (*Id.*). This would tend to rebut any potential argument that the success of Wild Flavors' products is evidence of non-obviousness and could also undercut Wild Flavors' claim for lost profits. (*Id.*). Some of Dr. Boyd's FDA's opinions could help the jury understand this issue. (*See, e.g.*, Doc. 241-23 at ¶ 51 ("In my view, it was the FDA's commentary on banning—or potentially banning artificial and synthetic food-and-beverage colorants, along with the emerging state-by-state prohibitions and the resulting public reaction, that served as the primary—if not the decisive—drivers of any product success, rather than anything disclosed in the '695 Patent.")).

However, Dr. Boyd ventures beyond these issues to opine that Wild Flavors misled the FDA or that FDA exempt status was improperly granted. (*See, e.g., id.* at ¶¶ 36 (suggesting that Wild Flavors failed to submit sufficient evidence to the FDA 39 (suggesting that Wild Flavors may not have been "totally open and forthright in their submission to the FDA")). These opinions do not "fit" this case, as they are irrelevant to any issue the jury must decide. While the fact that Wild Flavors obtained FDA exempt status may be relevant, how Wild Flavors did so or whether the exempt status was properly granted is not. Oterra essentially concedes this in its briefing. (*See* Doc. 264 at 10 ("The proposed testimony will assist the jury in considering whether commercial success is attributable to the invention or to FDA submissions…***even if Wild Flavors did nothing wrong.***") (emphasis added)). Moreover, to the extent Dr. Boyd's opinion that Wild Flavors improperly obtained an FDA exemption has any relevance, it is far outweighed by the likelihood they will (a) unfairly prejudice Wild Flavors, in that the jury may be inclined to punish Wild Flavors for perceived misconduct in an unrelated proceeding; (b) likely confuse the issues or mislead the jury, in that the jury may conflate the validity of Wild Flavors' patent with the validity

of its FDA exemption; and (c) likely to result in undue delay and wasted time by creating a "trial-within-a-trial" regarding Wild Flavors' FDA submissions. *See* Fed. R. Evid. 403.

Accordingly, the Special Master recommends that the Court (a) deny Wild Flavors' Motion to Exclude as to Dr. Boyd's enablement opinions regarding Claim 52; (b) deny as moot Wild Flavors' Motion to Exclude as to Dr. Boyd's non-infringement and non-enablement opinions; (c) grant Wild Flavors' Motion to Exclude and exclude all opinions from Dr. Boyd regarding the accuracy or truthfulness of any statements to the FDA and/or whether any FDA approval or exemption was properly granted or obtained; and (d) defer ruling on the admissibility of Dr. Boyd's remaining FDA opinions until trial.

## III. Oterra's Motions in Limine (Doc. 303)

### a. Motion in Limine No. 1

In its first Motion in Limine, Oterra seeks to exclude any testimony, evidence or argument relating to Court's claim construction and summary judgment opinions and orders. Oterra appears to have two concerns. First, Oterra wishes to prevent Wild Flavors from "bragging" to the jury and argue that Oterra has already lost on a particular issue. (Doc. 324 at 4). Such conduct is obviously improper, and the Special Master does not anticipate either party will engage in it. Second, Oterra wishes to prevent Wild Flavors from arguing that Oterra's recapture and non-infringement theories are contrary to the Court's claim constructions. (*Id.* at 5). But the Court has now made clear that Oterra's recapture and non-infringement theories ***are*** contrary to its constructions and granted summary judgment in Wild Flavors favor on these issues. (Doc. 349). Accordingly, the Special Master recommends that the Court deny Oterra's first Motion in Limine.

**b. Motion in Limine No. 3**

Oterra's third Motion in Limine seeks to exclude "ad hominem, accusatorial, and/or inflammatory attacks on counsel, parties, and/or witnesses". (Doc. 303 at 4). The Court's Policies and Procedures, as well as the Rules of Professional Conduct, already require counsel to conduct themselves with decorum and professionalism; no further order to this effect is warranted. *See* Hon. Joel H. Slomsky, Courtroom and Trial Procedures, No. 26. In addition, not all the conduct Oterra seeks to prevent is necessarily outside the bounds of permissible advocacy. For example, it is not necessarily improper to argue that one's opponent has mischaracterized the evidence. Accordingly, the Special Master recommends that the Court deny Oterra's third Motion in Limine.

**IV. Wild Flavors' Motions in Limine (Doc. 304)**

**a. Motion in Limine No. 1**

In its first Motion in Limine, Wild Flavors seeks to exclude all opinions of counsel, noting that Oterra previously withdrew its advice of counsel defense. (Doc. 304 at 1). Oterra agrees that it cannot offer opinions of counsel, but claims that it does intend to "explain that [it] relied on its own scientists' conclusions as well as information from Ecoflora that its manufacture and sale of its ColorFruit products, made by Ecoflora would not be infringing of Defendants' '695 Patent." (Doc. 313). But patent infringement is a legal issue. The jury is likely to assume that the opinions of Oterra's lay employees regarding non-infringement were based on the opinions of counsel. Because Oterra deprived Wild Flavors of the opportunity to take discovery on the subject by withdrawing its advice of counsel defense, Wild Flavors has no way to dispel this assumption on cross-examination. Accordingly, the Special Master recommends that the Court grant Wild Flavors' first Motion in Limine.

**b. Motion in Limine No. 2**

Oterra contends that a patent held by its supplier, Ecoflora, is invalidating prior art. Wild Flavors' second Motion in Limine seeks to exclude any use of the Ecoflora patent except in the context of invalidity. (Doc. 304 at 6). Oterra contends that the existence of the Ecoflora patent is relevant to Oterra lack of willfulness and/or its "good-faith belief in non-infringement". (Doc. 313) at 6). However, because "the existence of one's own patent does not constitute a defense to infringement of someone else's patent", the existence of the Ecoflora patent cannot support Oterra's claim that it had a good faith belief in non-infringement. *See Prolitec Inc. v. ScentAir Techs., LLC*, 2024 WL 341342, at *8 (D. Del. Jan. 30, 2024) (quoting *Bio-Technology Gen. Corp. v. Genentech, Inc.*, 80 F.3d 1553, 1559 (Fed. Cir. 1996)). Accordingly, the Special Master recommends that the Court grant Wild Flavors' second Motion in Limine.

**c. Motion in Limine No. 5**

Oterra does not oppose Wild Flavors' fifth Motion in Limine, which seeks to exclude from the jury any references to an injunction or its potential effects. (Doc. 313 at 10). Accordingly, the Special Master recommends that the Court grant Wild Flavors' fifth Motion in Limine.

**V. Motion to Preclude Ms. Wilnegger's Testimony (Doc. 318)**

Wild Flavors seeks to preclude the testimony of Ms. Eva Wilnegger, Oterra's European patent counsel. In its response brief, Oterra avers that Ms. Wilnegger will testify (1) that Wild Flavors, through its European patent counsel argued to the EPO that "a chemically synthesized amino acid is not suitable for obtaining a natural colorant" and (2) that during the prosecution of a separate European patent, Wild Flavors' European patent counsel responded to the EPO in writing that only certain ingredients would result in a blue color. (Doc. 344 at 6). The first subject is irrelevant, as the Court rejected Oterra's "natural color" non-infringement theory and granted

summary judgment of infringement in favor of Wild Flavors. (Doc. 349). As for the second subject, Oterra claims that in a written statement to the EPO, Wild Flavors' European Patent Counsel argued that "only 'watermelon, lychee, cantaloupe and banana' would produce a blue color." (Doc. 344 at 6). Oterra contends that this statement is relevant to whether Claim 52 is enabled. (*Id.*) But what Wild Flavors actually argued in its submission was that "The Examiner has acknowledged that Table 1 of Example 1 provides a clear and unambiguous pointer towards blue color for certain compounds, including watermelon (dark blue), lychee (vibrant blue), cantaloupe (dark blue/purple) and banana (grayish blue). Claims 1 and 7 as amended are now limited to materials ***that the application shows produce a blue color***." (Doc. 283-2 at 3 (emphasis added)). This statement is, at most, a concession regarding what an EPO examiner concluded about a separate European patent application. It is not relevant to the issues in this case.

Even assuming Ms. Wilnegger's testimony had any relevance, it should still be excluded under Rule 403. As the Court recently explained, evidence regarding the EPO proceedings risks unfair prejudicing Wild Flavors and confusion the jury be creating a "trial-withing-a-trial". (Doc. 349 at 7). That Oterra would present this evidence to the jury through the testimony of its own patent counsel only heightens the risk. Accordingly, the Special Master recommends that the Court grant Wild Flavors' Motion to Preclude Ms. Wilnegger's Testimony.

## VI. Recommendation

The Special Master recommends that the Court enter the attached proposed order consistent with the recommendations herein.[3]

[3] Given that trial is scheduled to begin on November 17, 2026, any objections to this Report and Recommendation are to be filed by 12:00 p.m., November 16, 2026.

Respectfully submitted,

*<u>/s/ James J. Rohn Esq.</u>*
James J. Rohn, Esq., Special Master